# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES W. ROBERSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 05-0152-CV-W-ODS-P |
| DAVE DORMIRE, | ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2001 conviction and sentence for forcible rape, which was entered in the Circuit Court of Cole County, Missouri. Petitioner raises the following grounds for relief: (1) his trial counsel denied him the right to constitutionally effective counsel when he failed to object to the state's improper closing argument concerning petitioner's prior convictions; and (2) trial counsel was ineffective for failing to object to the state's peremptory challenges to remove at least five women from the jury. Respondent contends that both of petitioner's grounds for relief are without merit.

In order to succeed on an ineffective assistance of counsel claim, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) counsel's deficient performance prejudiced petitioner's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., id. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

The Missouri Court of Appeals, Western District, denied petitioner's Ground 1 for the following reasons:

> In his first point, [petitioner] argues that he was entitled to an evidentiary hearing on his claim that his trial counsel was ineffective for failing to object to references to [petitioner's] prior convictions in the State's closing argument. The State may use prior convictions to attack the defendant's credibility when the defendant chooses to testify. **State v. Cole, 71 S.W.3d 163, 170 (Mo. banc), *cert. denied*, 537 U.S. 865, 123 S.Ct. 261, 154 L. Ed 2d 108 (2002).** The State cannot use prior convictions, however, to argue the defendant's propensity to commit crimes. **Id.**
>
> During its closing argument, the State first referred to [petitioner's] prior convictions in making its argument that [petitioner] had drugged K.S. before raping her:

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2

> Our defendant had been convicted of possession on three separate occasions of possessing a controlled substance. And what is that? What's a controlled substance? Something that could impair your ability potentially?
>
> When you run in that crowd, when you are of that ilk, having access to a date rape drug or a drug to incapacitate, it's a heck of a lot easier.

The State also referred to [petitioner's] prior convictions when it argued that defense witnesses, including a woman who had been convicted of statutory rape, were not credible:

> And on the other side you have deception, stealing, statutory rape. A woman, statutory rape, standing up for this guy. It makes a certain degree of sense that that would be the type of person standing up for the guy that you saw testify, standing up for somebody who's going to – who's gone to prison for three separate instances of being in possession of a controlled substance.

Finally, the State referred to [petitioner's] prior convictions when arguing that he destroyed evidence of the rape by washing out a washcloth that he had used to clean himself up after the rape:

> [K.S.] didn't say she washed it out, did she? Could it be that he wipes himself off and realizes he has just – I mean, he just __ he's been to prison. He knows a little about this prison they call evidence. Could it be that we wash out our washcloth while [petitioner's] [brother] is finishing up?

[Petitioner] contends that any argument that a "date rape" drug was used to commit the crime was outside the scope of the evidence, because there was no evidence that the drink he gave K.S. was actually tainted. [Petitioner] also contends that all of these arguments were improper because the State was using his prior convictions to argue his propensity to commit crime. Because the arguments were improper, [petitioner] argues that his trial counsel should have objected to them. He

3

argues that the failure to object prejudiced him because a reasonable probability exists that the result of the trial would have been different.

[Petitioner's] contention that any argument that the drink he and his brother gave K.S. was tainted was outside the scope of the evidence is refuted by the record and, therefore, was properly denied without an evidentiary hearing. **Morrow, 21 S.W.3d [819 (Mo. banc 2000)] at 882-23.** Specifically, the testimonies of K.S., the neighbor who saw K.S. after she drank only a couple of sips of the drink, and another neighbor whose cousin was given a similar drink by [petitioner]'s brother that same night, all support an inference that the drink [petitioner] and his brother gave K.S. was tainted. The State's argument that the drink was tainted was supported by the evidence and was not improper.

As for the allegedly improper propensity arguments, this court does not need to determine their propriety. Even if this court were to assume, *arguendo*, that these arguments were improper, and his trial counsel should have objected to them, the record refutes [petitioner's] claim that he was prejudiced by his trial counsel's failure to object. The evidence of [petitioner's] guilt was overwhelming. [Petitioner] and his brother gave K.S. a drink that rendered her incapacitated after only a couple of sips. She awoke to find the men on top of her. Her screams at them were heard by a neighbor and were recorded on a surveillance camera outside of the apartment. She had visible scratches on her chest and redness on her knuckles from hitting the men. The surveillance camera recorded both men running, separately, from her apartment after the incident. After the rape, the neighbor to whose apartment K.S. went described K.S. as crying hysterically and screaming that [petitioner] and his brother had just raped her. K.S. went to the emergency room, where she reported the rape to the police.

This evidence strongly supports a finding that [petitioner] forcibly raped K.S. and refutes his defense that the intercourse was consensual. The overwhelming evidence of [petitioner's] guilt forecloses any reasonable probability that the result of the trial would have been different had his trial counsel objected to the State's allegedly improper arguments. **Barnett [v. State], 103 S.W.3d [765] at 771 [(Mo. banc),** *cert. denied***, [540 U.S. 862 (2003)].** That is, trial counsel's failure to object to the arguments is not sufficient to undermine confidence in the outcome of the trial. **Deck [v. State], 68 S.W.3d [418] at 426 [(Mo. banc 2002),** *reversed on other grounds*, **___U.S. ___, 125 S. Ct. 2007**

4

**(2005)].** The motion court did not err in denying [petitioner's] ineffective assistance of counsel claim on that basis. [Petitioner's] first point is denied.

Respondent's Exhibit 11, pp. 6-9.

The Missouri Court of Appeals properly applied the United States Supreme Court's holding in Strickland in concluding that petitioner's ineffectiveness of counsel claim was without merit. Thus, the state appellate court's denial of petitioner's claim was not based on an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). Therefore, Ground 1 will be denied.

As to Ground 2, the state appellate court first ruled that petitioner failed to plead specific prejudice in his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 and, therefore, "it would be speculation to convict the trial court of error" under the circumstances. State v. Colbert, 949 S.W.2d 932, 944 (Mo. Ct. App. 1997). As respondent argues, petitioner's failure to plead specific prejudice in his Rule 29.15 motion is an independent and adequate state law procedural rule and prevents federal habeas corpus review. Doc. No. 11, p. 4.

In addition, the state appellate court noted that the record demonstrates that the jury consisted of nine women, two men, and one person whose gender is not discernible from the record (originally, sixteen of the twenty-four venirepersons were women, six were men, and the remaining two were of undetermined gender), indicating that "gender was not the State's motive for the strikes." Respondent's Exhibit 11, p. 10 n. 3. The state appellate court held that the motion court's denial of petitioner's ineffective assistance of counsel claim for failure to object to the State's challenges to remove five women from the jury under these circumstances was not clear error and that to have inferred that a female, if selected for the jury,

5

would not have voted for a conviction would have been "to engage, at best, in mere speculation and, at worst, in the stereotyping that **Batson [v. Kentucky, 476 U.S. 79 (1986)],** and its progeny strive to prevent." Respondent's Exhibit 11, p. 11(quoting Morrow v. State, 21 S.W.3d . at 827).

The Missouri Court of Appeals' denial of Ground 2 was not based on an unreasonable determination of the facts or a misapplication of federal law to those facts. Ground 2 also will be denied.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

       /s/ Ortrie D. Smith
    ORTRIE D. SMITH
    UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,
Dated:   8/8/05   .